IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| **FINANCIAL SYSTEMS TECHNOLOGY (INTELLECTUAL PROPERTY) PTY. LTD.,** § § § § | |
| and § | CIVIL ACTION |
| § | |
| **FINANCIAL SYSTEMS TECHNOLOGY PTY. LTD.,** § § § | 2:08-cv-371 |
| Plaintiffs, § § | JURY DEMAND |
| § | |
| vs. § § | |
| **ORACLE CORPORATION,** § § | |
| Defendant. § | |

## COMPLAINT FOR PATENT INFRINGEMENT

Plaintiffs Financial Systems Technology (Intellectual Property) Pty. Ltd. ("FST-IP") and Financial Systems Technology Pty. Ltd. ("FST") (collectively, "Plaintiffs"), file this Complaint for infringement of U.S. Patent Nos. Re. 40,526 ("the '526 Patent") and Re. 40,520 ("the '520 Patent") (collectively, "the Patents-in-Suit") against Defendant, Oracle Corporation ("Oracle").

## PARTIES

1.   Plaintiff FST-IP is a company organized and existing under the laws of Australia. FST-IP maintains its principal place of business at 17-33 Milton Parade, Suite 334, Malvern, Victoria, 3144, Australia. FST-IP is the owner of all intellectual property rights referenced herein.

2.   Plaintiff FST is a software development company organized and existing under the laws of Australia, and is wholly owned by Plaintiff FST-IP. FST maintains its principal

place of business at 17-33 Milton Parade, Suite 334, Malvern, Victoria, 3144, Australia.  FST is the exclusive licensee of all intellectual property rights referenced herein.

3. Upon information and belief, Defendant Oracle Corporation ("Oracle") is, and at all relevant times mentioned herein was, a corporation organized and existing under the laws of the State of Delaware, with its principal place of business at 500 Oracle Parkway, Redwood City, CA  94065.  Oracle manufactures for sale and/or sells database software to consumers in the United States and, more particularly, in the Eastern District of Texas.  Oracle may be served with service of process by serving a copy of the Complaint on its registered agent for service of process:  Corporation Service Co., 701 Brazos St., Suite 1050, Austin, TX  78701.

## JURISDICTION AND VENUE

4. This is an action for patent infringement arising under the patent laws of the United States, Title 35, United States Code.  This Court has exclusive subject matter jurisdiction over this case for patent infringement under 28 U.S.C. §1338(a).

5. This Court has personal jurisdiction over Oracle.  Oracle has conducted and does conduct business within the State of Texas.  Oracle, directly or through intermediaries (including distributors, retailers, and others), ships, distributes, offers for sale, sells, and advertises (including making available to the public an interactive web page) its products in the United States, the State of Texas, and the Eastern District of Texas.  Oracle has purposefully and voluntarily placed infringing products in the stream of commerce with the expectation that they will be purchased by consumers in the Eastern District of Texas.  These infringing products have been and continue to be purchased and used by consumers in the Eastern District of Texas.  Oracle has committed the tort of patent infringement within the State of Texas and, more particularly, within the Eastern District of Texas.  Oracle maintains a registered agent for service of process within the State of Texas, as identified in Paragraph 3.  Oracle has also agreed that the

"Eastern District (defined as the United States District Court for the Eastern District of Texas, Marshall Division) shall be the sole and exclusive jurisdiction and venue for the Future Litigation" involving the Patents-in-Suit.

6. Venue is proper in the Eastern District of Texas under 28 U.S.C. §§ 1391, 1400(b), and by agreement.

**COUNT 1:  INFRINGEMENT OF U.S. PATENT NO. RE. 40,526**

7. Plaintiffs refer to and incorporate herein the allegations of Paragraphs 1-6 above.

8. United States Patent No. 5,617,567 ("the '567 patent), entitled "Data Processing System and Method for Retrieving and Entity Specified in a Search Path Record from a Relational Database," was duly and legally issued by the United States Patent and Trademark Office on April 1, 1997, after full and fair examination. On September 30, 2008, the '567 patent was duly and legally reissued by the United States Patent and Trademark Office, after a full and fair examination, as Reissue Patent Nos. Re. 40,526 ("the '526 Patent"). A copy of the '526 Patent is attached as Exhibit A. FST-IP is the assignee of all rights, title, and interest in and to the '526 Patent and possesses all rights of recovery under the '526 Patent. FST is the exclusive licensee under the '526 Patent.

9. Defendant Oracle has been and is now directly infringing, and indirectly infringing by way of inducing infringement and/or contributing to the infringement, of the '526 Patent in this District and elsewhere by making, using, offering for sale, selling, importing, exporting, supplying and/or distributing within, to, and/or from the United States products, including, but not limited to Oracle Database Management System ("DBMS") versions 8i, 9i, 10g, 11g, and any subsequent versions and associated products, covered by at least one claim of the '526 Patent, or inducing such use or contributing thereto, and/or importing into the United States such products made by methods that practice at least one claim of the '526 Patent, or

inducement thereof or contribution thereto, all to the injury of Plaintiffs in violation of 35 U.S.C. § 271 (a), (b), (c), (f), and/or (g).

10. Plaintiffs have at all times complied with 35 U.S.C. § 287.

11. Upon information and belief, Oracle has had and has actual notice of the '526 Patent, has been and is aware of its infringement, and Oracle's infringement has been and continues to be willful.

12. Plaintiffs have been irreparably harmed by Oracle's acts of infringement of the '526 Patent, and will continue to be harmed unless and until Oracle's acts of infringement are enjoined and restrained by order of this Court. Plaintiffs have no adequate remedy at law to redress Oracle's continuing acts of infringement. The hardships that would be imposed upon Oracle by an injunction are less than those faced by Plaintiffs should an injunction not issue. Furthermore, the public interest would be served by issuance of an injunction.

13. As a result of Oracle's acts of infringement, Plaintiffs have suffered and will continue to suffer damages in an amount to be proved at trial.

### COUNT 2:  INFRINGEMENT OF U.S. PATENT NO. RE. 40,520

14. Plaintiffs refer to and incorporate herein the allegations of Paragraphs 1-13 above.

15. United States Patent No. 5,826,259 ("the '259 Patent"), entitled "Easily Expandable Data Processing System and Method," was duly and legally issued by the United States Patent and Trademark Office on October 20, 1998, after full and fair examination. On September 23, 2008, the '259 patent was duly and legally reissued by the United States Patent and Trademark Office, after a full and fair examination, as Reissue Patent No. Re. 40,520 ("the '520 Patent"). A copy of the '520 Patent is attached as Exhibit B.  FST-IP is the assignee of all rights, title, and interest in and to the '520 Patent and possesses all rights of recovery under the '520 Patent.  FST is the exclusive licensee under the '520 Patent.

16. Defendant Oracle has been and is now directly infringing, and indirectly infringing by way of inducing infringement and/or contributing to the infringement, of the '520 Patent in this District and elsewhere by making, using, offering for sale, selling, importing, exporting, supplying and/or distributing within, to, and/or from the United States products, including, but not limited to Oracle Database Management System ("DBMS") versions 8, 8i, 9i, 10g, 11g, and any subsequent versions and associated products, covered by at least one claim of the '520 Patent, or inducing such use or contributing thereto, and/or importing into the United States such products made by methods that practice at least one claim of the '520 Patent, or inducement thereof or contribution thereto, all to the injury of Plaintiffs in violation of 35 U.S.C. § 271 (a), (b), (c), (f), and/or (g).

17. Plaintiffs have at all times complied with 35 U.S.C. § 287.

18. Upon information and belief, Oracle has had and has actual notice of the '520 Patent, has been and is aware of its infringement, and Oracle's infringement has been and continues to be willful.

19. Plaintiffs have been irreparably harmed by Oracle's acts of infringement of the '520 Patent, and will continue to be harmed unless and until Oracle's acts of infringement are enjoined and restrained by order of this Court. Plaintiffs have no adequate remedy at law to redress Oracle's continuing acts of infringement.  The hardships that would be imposed upon Oracle by an injunction are less than those faced by Plaintiffs should an injunction not issue. Furthermore, the public interest would be served by issuance of an injunction.

20. As a result of Oracle's acts of infringement, Plaintiffs have suffered and will continue to suffer damages in an amount to be proved at trial.

## **PRAYER FOR RELIEF**

Plaintiffs pray for the following relief:

A. A judgment that Defendant Oracle has infringed the Patents-in-Suit;

B. A judgment and order requiring Oracle to pay Plaintiffs for all damages under 35 U.S.C. § 284, including supplemental damages for any continuing post-verdict infringement up until Oracle is enjoined from further infringing activities, and treble damages for willful infringement;

C. An accounting of damages through verdict and post-verdict until Oracle is enjoined from further infringing activities;

C. A judgment and order requiring Oracle to pay to Plaintiffs pre-judgment and post-judgment interest on the damages awarded, including an award of prejudgment interest, pursuant to 35 U.S.C. § 284, from the date of each act of infringement of Patents-In-Suit by Oracle to the day a damages judgment is entered, and a further award of post-judgment interest, pursuant to 28 U.S.C. § 1961, continuing until such judgment is paid, at the maximum rate allowed by law;

D. A judgment and order finding this to be an exceptional case and requiring Oracle to pay the costs of this action (including all disbursements) and attorneys fees as provided by 35 U.S.C. § 285;

E. A judgment and order that Oracle, its agents, employees, representatives, successors and assigns, and those acting in privity or in concert with them, be preliminarily and permanently enjoined from further infringement of the Patents-in-Suit; and

F. Such other and further relief as the Court deems just and equitable.

## REQUEST FOR JURY TRIAL

Plaintiffs hereby request a jury trial for all issues in this action so triable.

DATED:  October 1, 2008.                    Respectfully submitted,

**McKOOL SMITH, P.C.**

\s\ Mike McKool

Mike McKool, Jr.
Lead Attorney
Texas State Bar No. 13732100
mmckool@mckoolsmith.com
Douglas A. Cawley
Texas State Bar No. 04035500
dcawley@mckoolsmith.com
300 Crescent Court, Suite 1500
Dallas, Texas 75201
Telephone: (214) 978-4000
Telecopier: (214) 978-4044

Samuel F. Baxter
Texas State Bar No. 01938000
sbaxter@mckoolsmith.com
104 E. Houston Street, Suite 300
Marshall, Texas 75670
Telephone: (903) 923-9000
Telecopier: (903) 923-9099

T. Gordon White
Texas State Bar No. 21333000
gwhite@mckoolsmith.com
Steven J. Pollinger
Texas State Bar No. 24011919
spollinger@mckoolsmith.com
Scott L. Cole
Texas State Bar No. 00790481
scole@mckoolsmith.com
300 West Sixth Street, Suite 1700
Austin, Texas 78701
Telephone: (512) 692-8700
Telecopier: (512) 692-8744

        Robert M. Parker
Texas State Bar No. 15498000
rmparker@pbtaylor.com
PARKER, BUNT & AINSWORTH, P.C.
100 E. Ferguson, Suite 1114
Tyler, Texas 75702
Telephone: (903) 531-3535
Telecopier: (903) 533-9687

**ATTORNEYS FOR PLAINTIFFS
FINANCIAL SYSTEMS
TECHNOLOGY (INTELLECTUAL
PROPERTY) PTY. LTD.
AND FINANCIAL SYSTEMS
TECHNOLOGY PTY. LTD.**