IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| FINANCIAL SYSTEMS TECHNOLOGY (INTELLECTUAL PROPERTY) PTY. LTD. and FINANCIAL SYSTEMS TECHNOLOGY PTY. LTD., | § § § § § | |
| Plaintiffs, | § § | CASE NO. 2:08-CV-371-TJW-CE |
| v. | § § | |
| ORACLE CORPORATION, | § § § | |
| Defendant. | § | |

## MEMORANDUM OPINION AND ORDER

Before the Court is defendant Oracle Corporation's ("Oracle's") motion for change of venue pursuant to 28 U.S.C § 1404(a) from the Eastern District of Texas to the Northern District of California. (Dkt. No 19.) For the following reasons, the motion is DENIED.[1]

## I. INTRODUCTION

Financial Systems Technology (Intellectual Property) Pty. Ltd. and Financial Systems Technology Pty. Ltd. (collectively "FST" or "Plaintiffs") filed a prior lawsuit against Oracle in this District on October 12, 2004 (Civ. Action No. 2:04-cv-358-TJW) ("the 2004 Action") asserting patent infringement of U.S. Patent Nos. 5,617,567 ("the '567 patent") and 5,826,259 ("the '259 patent"). On December 2, 2004, Oracle answered and moved to transfer the 2004 Action to the Northern District of California under 28 U.S.C. § 1404(a). That motion was denied by this Court on February 17, 2005. On June 14, 2005, Plaintiffs filed reissue patent applications

---

[1] In a footnote, Oracle requests in the alternative that the instant motion be treated as a motion for reconsideration of the Court's prior order denying transfer in this case. To the extent Oracle's motion is a request for reconsideration, it is likewise DENIED.

for both the '567 and '259 patents. Based upon the reissue proceedings at the PTO, the parties agreed to a dismissal without prejudice, with Oracle agreeing that any future litigation be conducted in this Court with the exception that it could re-assert a motion to transfer if there were "new grounds." To effectuate this agreement, the parties signed a written agreement on June 20, 2005 (the "Agreement") stipulating that the Eastern District of Texas "shall be the sole and exclusive jurisdiction and venue" for future litigation between the '567 and '259 patents and any reissue or reexamination patents that emerge therefrom. As to the "new grounds" exception to the venue agreement, the Agreement provides the following:

> Oracle retains the right to re-assert a motion to transfer venue in the Future Litigation which raises new grounds not previously addressed in connection with the briefing and argument preceding the Order [the Court's February 17, 2005 Order denying Oracle's motion to transfer in the original suit between the parties]. FST retains all defenses to any such newly filed motion to transfer venue in the Future Litigation.

Agreement, § 2(c)(v). The 2004 Action was dismissed on July 25, 2005.

Plaintiffs filed this case, asserting the now re-issued patents, on October 1, 2008 in this District. On June 4, 2009, Oracle filed its instant motion to transfer to the Northern District of California. In its Motion, Oracle argues that pursuant to the Agreement "new grounds" for a motion to transfer exist, and that pursuant to § 1404(a), the case should be transferred to the Northern District of California. Plaintiffs do not substantively contest whether transfer is appropriate under § 1404(a), but rather argue that there are no "new grounds" for Oracle to argue that the Agreement is non-binding for venue in this District. Thus, the determinative issue to be resolved by the Court is whether the limited "new grounds" exception to the Agreement applies, thereby allowing Oracle to seek transfer of this action notwithstanding the agreement as to venue.

## II. DISCUSSION

Defendant Oracle argues that there are "new grounds" – both legal and factual – that exist for reasserting a motion to transfer in this case. Oracle argues that new legal grounds stem from the intervening case law of *In re Volkswagen of America, Inc.* ("*Volkswagen II*"), 545 F.3d 304 (5th Cir. 2008) (*en banc*), *In re TS Tech USA Corp.*, 551 F.3d 1315 (Fed. Cir. 2008), and *In re Genentech*, 566 F.3d 1338 (Fed. Cir. 2009). Oracle argues that based upon this new caselaw, a "different balance is to be struck than was applied in considering the 2004 motion to transfer" and recites various factors that should be considered. Oracle argues that the "in connection with" language of the Agreement plainly reaches "grounds" relied on by the parties and by the Court in reaching its decision, and based upon intervening case law, the points previously relied on by the parties and the Court are now insufficient. Thus, Oracle argues that the intervening case law is clearly "new grounds." Oracle also argues that newly discovered facts provide new grounds for transfer. Specifically, Oracle has identified four non-party witnesses who reside in the Northern District of California and are likely to have material knowledge of the patentees' commercial activities involving the claimed technology more than a year before the filing date of the patents-in-suit.

Plaintiffs argue that to trigger the exception to the Agreement for venue purposes, Oracle must show that there are "new grounds" supporting its request for a change of venue. Plaintiffs argue that the Agreement triggers the right to re-assert a motion to transfer on the availability of "new grounds," not new caselaw or even new evidence. Plaintiffs rely upon Black's Law Dictionary defining "ground" as "the reason or point that something (as a legal claim or argument) relies on for validity." Plaintiffs argue that caselaw might apply grounds, reason about them, or even change them, but the cases themselves are not "grounds." Plaintiffs argue in

this context, the grounds for Oracle's motion are the public and private interest factors, which are the very same factors at issue in the prior motion and order. Plaintiffs argue that for the grounds asserted in the instant motion to qualify as "new" under the Agreement, Oracle must show that they were "not previously addressed in connection with the briefing and argument" leading up to this Court's 2005 order denying Oracle's prior motion to transfer.

Plaintiffs argue that Oracle merely re-argues the same grounds as it previously did and encourages the Court to evaluate these grounds differently based on recent caselaw. Plaintiffs argue that Oracle makes no attempt to show that the new caselaw it cites actually afford new grounds for a motion to transfer. Plaintiffs argue that the underlying grounds in the new cases remain the same, e.g., the public and private interest factors considered in § 1404(a) transfer motions. Plaintiffs argue that even if the plaintiff's choice of forum should be given different weight under the recent caselaw, such a new emphasis is not "new grounds" under the Agreement because Oracle argued in its prior briefing that the plaintiff's choice of forum should be afforded little, if any, deference. Plaintiffs also argue that the Agreement specifies that grounds are "new" only if they were not "previously addressed in connection with the briefing and argument preceding the Order." Plaintiffs argue that if an argument was previously made by one of the parties then that argument is not "new grounds" under the Agreement, even if the Court discounted, ignored, or rejected it, and these previously presented arguments cannot be re-argued now. Further, Plaintiffs argue that Oracle's "newly discovered facts" are neither new nor material and that Oracle previously addressed these facts in its prior briefing in the 2004 Action.

The Court finds that Oracle has failed to show "new grounds" as to warrant Oracle to request a transfer under the Agreement. The Court finds that the new caselaw Oracle cites, specifically *Volkswagen II*, *TS Tech*, and *In re Genentech*, do not afford "new grounds" for a

motion to transfer. Although the new cases clarified the standard for obtaining a venue transfer, these cases continue to apply the same public and private interest factors in evaluating § 1404(a) transfer motions. Indeed, the Federal Circuit has stated that it was applying well settled Fifth Circuit law. *TS Tech* 551 F.3d at 1319, 1322 ("this court applies the laws of the regional circuit in which the district court sits, in this case the Fifth Circuit"; "[the *Volkswagen II*] decision did not change any aspect of the law regarding the trial court's § 1404(a) analysis"); *Genentech*, 566 F.3d at 1341 ("The basic principles governing transfer of venue under the law of the Fifth Circuit are well settled and are not in dispute here."). Rather than providing "new grounds" to the Court, Oracle essentially tries to re-argue the same facts and convince the Court to reach a different conclusion in light of the recent caselaw. This approach is contrary to the clear language of the Agreement. The Agreement specifies that grounds are "new" only if they were not "previously addressed in connection with the briefing and argument preceding the Order." The grounds for Oracle's instant motion are the public and private interest factors considered in a § 1404 transfer, which are the very same factors at issue in the prior motion in the 2004 Action that was denied by this Court. Further, the Court finds that Oracle's "newly discovered facts" are not material or new and that Oracle previously addressed the substance of these facts in its prior briefing to the Court.

The Court finds that the parties agreed to venue in this forum. The Court finds that Oracle has failed to show any "new grounds" for the exception to the parties' Agreement to apply. Thus, Oracle has no basis to assert its motion to transfer and the Court hereby DENIES its motion. Because the Court finds that there are no "new grounds" for Oracle to assert its motion to transfer venue, the Court need not address the § 1404(a) transfer factors addressed by Oracle.

## III. CONCLUSION

The Court has carefully reviewed the facts and applicable law regarding defendant Oracle's motion to transfer venue. The Court finds that Oracle has failed to show "new grounds not previously addressed in connection with the briefing and argument preceding the [Prior] Order." Thus, the Court finds that the "new grounds" venue exception to the parties' Agreement has not been met, and that Oracle has no basis to re-assert its motion to transfer. Based on the foregoing, the defendants' motion to transfer is DENIED.

IT IS SO ORDERED.

SIGNED this 8th day of December, 2009.

_____
CHARLES EVERINGHAM IV
UNITED STATES MAGISTRATE JUDGE