IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| FINANCIAL SYSTEMS TECHNOLOGY (INTELLECTUAL PROPERTY) PTY. LTD., and FINANCIAL SYSTEMS TECHNOLOGY PTY. LTD., | § § § § § § | |
| *Plaintiffs,* | § § | CASE NO. 2:08-CV-371-TJW-CE |
| v. | § § | |
| ORACLE CORPORATION, | § § § | |
| *Defendant.* | § | |

## MEMORANDUM OPINION AND ORDER

The above-titled and numbered civil action was referred to United States Magistrate Judge Chad Everingham pursuant to 28 U.S.C. § 636. The underlying motion in dispute is a motion to change venue pursuant to 28 U.S.C. § 1404(a) filed by Oracle Corporation ("Oracle") on June 4, 2009. (Dkt. No. 19.) On December 8, 2009, Magistrate Judge Everingham denied Oracle's motion to transfer. (Dkt. No. 27.) On December 28, 2009, Oracle filed a motion for reconsideration (Dkt. No. 29) to which the parties continued to brief through February 2010. Without waiting for an order from this Court on Oracle's motion for reconsideration, Oracle preemptively filed a petition for writ of mandamus with the Federal Circuit on April 14, 2010. (*See* Dkt. No. 62.) Appropriately, on May 19, 2010, the Federal Circuit denied Oracle's petition for writ of mandamus because "[i]t would be inappropriate for this court to consider the matter while it remains pending before the district court." (*See* Dkt. No. 66.) The Federal Circuit denied Oracle's petition without prejudice to refiling. (*Id.*) On July 23, 2010, Oracle filed yet another petition for writ of mandamus with the Federal Circuit, again without waiting for an

1

order from this Court on Oracle's motion for reconsideration. (*See* Dkt. No. 72.) This order addresses Oracle's Motion for Reconsideration and Objections to the Magistrate Judge's Memorandum Opinion and Order ("Motion for Reconsideration"). (Dkt. No. 29.)

## I. BACKGROUND

The necessary facts in this case, and the summary of the parties' arguments, are provided in the Magistrate Judge's original order denying Oracle's motion to transfer and need not be repeated here. (*See* Dkt. No. 27) In short, the parties were previously involved in a patent infringement lawsuit in this district in which this Court denied Oracle's motion to transfer in February 2005 (the "2005 Order"). Five months later the parties agreed to a dismissal without prejudice while the asserted patents were being reissued at the PTO, with Oracle agreeing that any future litigation be conducted in this Court with the exception that it could re-assert a motion to transfer if there were "new grounds." Plaintiffs Financial Systems Technology ("FST") filed this case, asserting the now re-issued patents, on October 1, 2008 in this district pursuant to the parties' agreement, and on June 4, 2009, Oracle sought to transfer based on "new grounds." In its prior order, the Court did not substantively address whether transfer is appropriate under § 1404(a). (Dkt. No. 27.) Rather, the threshold issue resolved by the Court, before the Court could even address the transfer factors under § 1404(a), was whether the limited "new grounds" exception to the parties' agreement applies, thereby allowing Oracle to seek transfer of this action notwithstanding the agreement as to venue in this district. (*Id.*) In its prior order, the Court found that Oracle failed to show "new grounds not previously addressed in connection with the briefing and argument preceding the [Prior] Order." (*Id.*) Thus, the Court found that the "new grounds" venue exception to the parties' agreement had not been met, and accordingly, Oracle had no basis to re-assert its motion to transfer.

## II. MOTION FOR RECONSIDERATION

The Court now turns to the pending Motion for Reconsideration of the Magistrate Judge's order denying transfer in this case. (Dkt. No. 29.)

### A. Parties' Arguments

First, Oracle re-argues that transfer is appropriate under the private and public interest factors of § 1404(a). (*Id.* at 1.) Second, Oracle argues that the Agreement between the parties does not bar transfer of this action. (*Id.* at 2.) Reading the Agreement as a whole, Oracle argues that the "intent of the agreement was to simply permit the case to be picked up where it left off before" and to preserve the *status quo*. (*Id.* at 2-3.) Oracle argues that because the Agreement includes an express preservation of appeal rights as to the 2005 Order, that it is entitled to a full consideration on the merits of the private and public interest factors under § 1404(a). (*Id.*) Further, Oracle states that it cited "new grounds" in its transfer motion to support its re-assertion of its motion to transfer venue under the Agreement. (*Id.*)

In its Response, FST argues that Oracle's first objection ignores the parties' venue agreement and should be rejected accordingly. (Dkt. No. 31 at 1.) As to the second objection, FST argues that Oracle is attempting to change its arguments by now arguing that it can "appeal" or argue against the 2005 Order in this proceeding rather than showing that "new grounds" exist. (*Id.*) FST argues that the 2005 Order cannot be "reconsidered" yet because it has not been considered or adopted in this case, and neither party has requested that the 2005 Order be formally adopted. (*Id.* at 1-2.) FST argues that under the Agreement, if FST sought adoption of the 2005 Order and if the Court agreed to adopt it, then and only then would the procedural and jurisdictional groundwork be in place to allow an appeal of that order. (*Id.* at 2-3.)

In its Reply, Oracle argues that the Agreement provides Oracle with the right to seek transfer under its appeal rights and under its re-assertion rights upon a showing of "new grounds." (Dkt. No. 34 at 1.) Oracle argues that its appeal rights were preserved, that the 2005 Order has been adopted by the Court, that even if the 2005 Order had not been adopted that there are new grounds justifying transfer, and that Oracle's motion for reconsideration of the 2005 Order is timely. (*Id.* at 1-4.)

In its Sur-Reply, FST argues that the Agreement does not and cannot force the Court to adopt a five-year-old order so that Oracle can then attack it on appeal. (Dkt. No. 40 at 1.) FST also argues that the prior order denying transfer did not impliedly adopt the 2005 Order and that neither party has requested the Court to adopt the 2005 Order. (*Id.* at 2-3.) Further, FST argues that Oracle is attempting to vitiate the parties' Agreement as to venue, that the Court properly found that neither the "new case law" or "new facts" constituted "new grounds" not previously briefed by the parties, and that the Agreement did not revive lapsed appellate rights. (*Id.* at 3-5.)

**B. Discussion**

The Agreement between the parties stipulates that the Eastern District of Texas "shall be the sole and exclusive jurisdiction and venue" for future litigation between the parties on the asserted patents. (June 20, 2005 Agreement, § 2(c)(i), Dkt. No. 19-6.) "Oracle will not challenge the adoption of the [2005] Order by the Court in the Future Litigation." *Id.* at § 2(c)(iii). And "in the Future Litigation, Oracle retains all appeal rights with respect to the Order that it had in the Litigation." *Id.* at § 2(c)(iv). The Agreement then provides a "new grounds" exception for the re-filing of a motion to transfer venue:

> Oracle retains the right to re-assert a motion to transfer venue in the Future Litigation which raises new grounds not previously addressed in connection with the briefing and argument preceding the [2005] Order. FST retains all defenses to any such newly filed motion to transfer venue in the Future Litigation.

4

*Id.* at § 2(c)(v). Thus, as related to the instant dispute, the Agreement specifically contemplates two separate and unique provisions: first, Oracle retains the right to "appeal" the 2005 Order; and second, Oracle can only re-assert a motion to transfer if "new grounds" exist. *See id.* at § 2(c)(iv)-(v).

In its 2009 Motion to Transfer, Oracle argued that "[t]he Agreement avoided a relitigation (aside from appeal rights) of the transfer motion unless new grounds existed." (Dkt. No. 19 at 3.) Thus, Oracle implicitly agreed that any "appeal rights" are distinct from its "new grounds" arguments. Oracle then argued that "[n]ew grounds – both legal and factual – exist for reasserting a motion to transfer in this action." (*Id.* at 4.) "These new facts and legal developments constitute new grounds not previously addressed by this Court, and support Oracle's right to bring this motion to transfer." (*Id.* at 5-6.) The Magistrate Judge's order addressed Oracle's "new grounds" arguments – the sole basis for re-asserting its motion to transfer and its sole basis to defeat the venue provision in the Agreement – and not the un-argued "appeal" provision. (*See* Dkt. No. 27.) In the pending Motion for Reconsideration, Oracle provides no substantive arguments or analysis why the "new case law" or "new facts" presented in its motion to transfer constitute "new grounds" or why the Court's prior order erred in its "new grounds" analysis. (*See* Dkt. No. 29.) Further, Oracle provides no new facts or law in addition to its transfer motion on whether "new grounds" exists to support a transfer. (*See id.*)

Rather, Oracle shifts gears in its Motion for Reconsideration and now urges the Court to seek reconsideration of the 2005 Order by assertion to its "appellate rights." (Dkt. No. 29 at 2-3.) Oracle argues that it "properly invoked" its "appellate rights" by previously seeking a motion for reconsideration of the 2005 Order. (*Id.* at 3.) Oracle, however, improperly characterizes its prior motion to transfer in 2009 as a motion for reconsideration of the 2005 Order. (*See id.* at 3

5

n.4.) That motion was entitled "Defendant Oracle Corporation's Motion for Change of Venue Pursuant to 28 U.S.C. § 1404(a)." (*See* Dkt. No. 19.) At no time in its motion to transfer did Oracle substantively argue that the Court adopt, overrule, or reconsider the 2005 Order, or that Oracle intended to invoke its "appellate rights" by seeking a reconsideration of the 2005 Order.[1] (*See id.*) Further, Oracle confuses its "appellate rights" under the Agreement with its ability to re-assert a motion to transfer in this Court or to have this Court "reconsider" the 2005 Order. To allow Oracle to re-assert its motion to transfer in this Court solely under the "appellate rights" provision in the Agreement would defeat the purpose of section 2(c)(v), which only allows Oracle to re-assert its motion in this Court on "new grounds." Thus, the Court rejects Oracle's argument that because the Agreement includes an express preservation of "appealable rights," that Oracle is entitled to a full consideration on the merits of the § 1404(a) factors at this level without satisfying the "new grounds" exception.

Any arguments presented by the parties as to whether the Court has "adopted" the 2005 Order, whether the Court has reconsidered the 2005 Order, whether Oracle can "appeal" the 2005 Order at this time, or whether Oracle has waived its right to appeal the 2005 Order is not properly before the Court with respect to this Motion for Reconsideration and are accordingly rejected. Further, any argument by Oracle that this Court is depriving it of its alleged "right" to appeal the 2005 Order is not properly before the Court and is denied. Likewise, the Court need not rule on which party must seek this Court to adopt the 2005 Order or whether it has been already been adopted. That issue is not before the Court, has not been fully briefed, and neither party has requested that this Court "adopt" the 2005 Order. A motion for reconsideration is not

---

[1] In footnote no. 2 in the motion to transfer, Oracle asked that the Court, in the alternative and without any briefing or analysis, treat the motion to transfer as a motion for reconsideration of the 2005 Order. In a footnote in the prior order, the Court stated "[t]o the extent Oracle's motion is a request for reconsideration, it is likewise DENIED." (Dkt. No. 27 at 1 n.1.)

the time to advance new arguments not previously advanced in the underlying motion and briefing. Rather, what *is* before the Court is Oracle's Motion for Reconsideration on this Court's order denying Oracle's motion to transfer venue on the basis that its argued new grounds are not "new grounds" under the Agreement.

The fact that Oracle may not be barred from seeking an appeal of the 2005 Order at some time in the appropriate venue does not negate the fact that Oracle expressly agreed to litigation in this district and further agreed that it would not reassert a motion to transfer unless "new grounds" exist. At this time, the Court need not consider any "appealable rights" arguments by Oracle, and any such discussion is not necessary or relevant to a "new grounds" analysis. Oracle's 2009 motion to transfer failed to show that such "new grounds" exist. Oracle's motion for reconsideration has presented no new evidence, arguments, or legal authority for this Court to change its opinion. For the reasons set forth in the Magistrate Judge's opinion (Dkt. No. 27), the Court again finds that Oracle has failed to show "new grounds" for the exception to the parties' Agreement to apply. Because there are no "new grounds," Oracle has no basis to re-assert its motion to transfer and the Court need not determine whether any such transfer would be appropriate and need not consider any private and public interest factors in such a transfer analysis. Oracle's arguments to the contrary are rejected. Thus, the Court DENIES Oracle's Motion for Reconsideration.

## III. CONCLUSION

Oracle's motion to transfer failed to show that "new grounds" exist. Oracle's Motion for Reconsideration has presented no new evidence, arguments, or legal authority for this Court to change its opinion on the "new grounds" basis or as to those arguments raised in Oracle's motion to transfer. For the reasons set forth in the Magistrate Judge's opinion (Dkt. No. 27), the Court

again finds that the "new grounds" venue exception to the parties' Agreement has not been met and Oracle has no basis to re-assert its motion to transfer. Based on the foregoing, Oracle's Motion for Reconsideration is DENIED.

IT IS SO ORDERED.

SIGNED this 3rd day of August, 2010.

_____
T. JOHN WARD
UNITED STATES DISTRICT JUDGE